IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LAWRENCE A. BLACKWELL and RANDYL H. BLACKWELL, individually and on behalf of their minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>SUSAN ANN LaFRINIERE,<br><br>Defendant. | CV 16–22–M–DLC<br><br>ORDER |

Before the Court is Defendant Susan Ann LaFriniere's ("LaFriniere") motion to dismiss Plaintiffs' Complaint for failing to state a claim. Plaintiffs Lawrence and Randyl Blackwell ("the Blackwells") allege that for the past three years, they have been the victim of LaFriniere's incessant racially-motivated harassment, which has resulted in their being denied equal housing rights. The Blackwells are a mixed-race family and reside in the same subdivision as LaFriniere in Missoula, Montana. The Blackwells advance claims under the Civil Rights Act of 1866, 42 U.S.C. §1982; the Fair Housing Act, 42 U.S.C. §§3604 and 3617; and the Montana Human Rights Act, Montana Code Annotated § 49–2–305.

LaFriniere's motion, succinct as it is, consists of two prongs. First, she

contends that by the plain text of § 1982, the Blackwells fail to state an actionable claim because they fail to allege discrimination in the course of a property transaction—the statute affords equal rights to "inherit, purchase, lease, sell, hold, and convey real and personal property." Second, LaFriniere argues that because Randyl Blackwell is Caucasian, she has no standing to bring claims of racial discrimination under § 1982.

Both of LaFriniere's theories are dismissible out of hand. As to the first, § 1982 clearly affords racial minorities equal rights to *hold* property, and the Blackwells allege that LaFriniere's overt racial animus interfered with that right with respect to their own home. While Ninth Circuit case law is slim on this point, numerous district courts in the Ninth Circuit are in accord with the Court's simple reading of § 1982. *See, e.g., Egan v. Schmock*, 93 F. Supp. 2d 1090, 1093 (N.D. Cal. 2000) ("allegations of violent or intimidating acts motivated by a discriminatory animus are sufficient to state a claim for deprivation of the right to 'hold' real property as guaranteed under § 1982"). As to the second, "plaintiffs who are not members of the protected class [at issue in a case] have standing to challenge racially discriminatory conduct in their own right when they are the direct target of the discrimination." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1055 (9th Cir. 2001) (citing *Maynard v. City of San Jose*, 37 F.3d 1396,

1403 (9th Cir. 1994); *Estate of Amos v. City of Page*, 257 F.3d 1086, 1093–1094 (9th Cir. 2001). LaFriniere made Randyl Blackwell the direct target of her discrimination when she stalked and threatened Ms. Blackwell and her school-aged children—in violation of an order of protection.

In light of the foregoing, and mindful that at this stage, the Court must accept all factual allegations in the Complaint as true and construe the pleadings in the light most favorable to the Blackwells, *Kneivel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005),

IT IS ORDERED that LaFriniere's motion to dismiss (Doc. 5) is DENIED.

DATED this 10th day of June, 2016.

_____
Dana L. Christensen, Chief District Judge
United States District Court